IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANDREW JAMISON, # 117604                                                               PETITIONER

VS.                                                               CIVIL ACTION NO.  3:20-cv-552-KHJ-FKB

RON KING, WARDEN                                                                     RESPONDENT

### REPORT AND RECOMMENDATION

Before the Court is the petition for habeas corpus relief filed by Andrew Jamison. Petitioner originally filed this action pursuant to 28 U.S.C § 2241 in the United States District Court for the Western District of Tennessee, but that court transferred it here because Jamison, at the time of filing, was housed in the Southern District of Mississippi.  *See* [13].  After initial review, this Court construed the petition as one brought under 28 U.S.C. § 2254.  *See* [19] at 1. Respondent has filed a Motion to Dismiss [22] pursuant to 28 U.S.C. § 2244(d), to which Jamison has responded with a Motion to Grant Petition for Writ of Habeas Corpus [24].  For the reasons explained below, the undersigned recommends that the Motion to Dismiss [22] be granted and Petitioner's Motion to Grant Petition [24] be denied.

I.      FACTS AND PROCEDURAL HISTORY

In a nutshell, Jamison is challenging the State of Mississippi's 2019 revocation of his post-release supervision, imposition of a suspended sentence on State charges, and the State's calculation of his sentence.  [18] at 1.  Jamison's history of litigation regarding his various state and federal convictions is recounted in two previous § 2241 habeas actions: *Jamison v. Hood*, No. 3:18-cv-207-M-RP, 2018 WL 6204441 (N.D. Miss. Nov. 27, 2018); and *Jamison v. King*,

No. 3:20-cv-20-SA-JMV, 2020 WL 3490060 (N.D. Miss. June 25, 2020).[1] Jamison's convictions in the Circuit Court of DeSoto County, Mississippi, on the charges of attempted armed robbery and possession of a stolen firearm date back to 2006. *Jamison*, 2018 WL 6204441, at *2. At that time, he was sentenced to serve consecutive terms of ten years (three to serve and seven on post-release supervision) on the attempted armed robbery and five years on possession of a stolen firearm, for a total of eight years. *Id.* While out on post-release supervision (or probation) in 2012, he was arrested on federal charges of armed robbery and felon in possession of a firearm. *Id.* He was subsequently convicted by a jury on both federal charges and sentenced to two, concurrent 88-month sentences on those convictions. *Id.* The federal court ordered that his federal sentence "be served consecutively to [the] . . . DeSoto County, Mississippi sentence." [22-4] at 2.

According to his initial petition, he was released from federal custody on July 3, 2019. [1] at 2; *see also* [9], [10], [16]. Jamison states that on August 13, 2019, the Circuit Court of DeSoto County revoked his post-release supervision on the 2006 state court convictions and imposed a revocation sentence of two years. [18] at 1. The MDOC has calculated Jamison's tentative release date as July 2, 2021. *See* https://www.ms.gov/mdoc/inmate/search.

II.     DISCUSSION

The State responded to the Petition with its Motion to Dismiss [22], arguing that Jamison's claims challenging the calculation of his time are successive, and should, therefore, be dismissed for lack of jurisdiction. *See* 28 U.S.C. § 2244(b). Respondent argues, furthermore, that Jamison's claims challenging the 2019 revocation are unexhausted under 28 U.S.C. § 2254.

---

[1] The Court takes judicial notice of prior proceedings involving the petitioner, both state and federal. *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976).

2

In his most recent § 2241, Petitioner attacked the calculation of his sentence following his 2019 revocation. *See Jamison*, 2020 WL 3490060, at *1. After examining the relevant state statutes on earned-discharge credits and parole, the district court dismissed his petition for its failure to state a constitutional claim. *Id.* Because he has failed to obtain an order from the United States Court of Appeals for the Fifth Circuit authorizing the district court to consider such a second or successive application, this Court is without jurisdiction to consider Jamison's challenges to the calculation of his sentence following his 2019 revocation. *See In re Davis*, 121 F.3d 952, 952-953 (5th Cir. 1997).

Furthermore, his claim challenging the 2019 revocation of his probation should be dismissed because he has failed to exhaust his available remedies in state court. Applicants seeking federal habeas relief under section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Edwards v. Carpenter*, 120 S. Ct. 1587 (2000); *Coleman v. Thompson*, 501 U.S. 722, 729-755 (1991); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Edwards*, 120 S. Ct. at 1587; *see also Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Whitehead*, 157 F.3d at 387. A habeas petitioner has failed to meet the exhaustion requirement "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

At the time the State filed its Motion to Dismiss, Jamison had filed a Petition for Post-Conviction Relief before the Circuit Court of DeSoto County. [22-11]. Since that time, the Circuit Court of DeSoto County has denied relief, Jamison has appealed the denial to the

Mississippi Supreme Court, and the case has been assigned to the Mississippi Court of Appeals. *See Jamison v. State of Mississippi*, 2020-CP-01338-COA; *see also Moore*, 526 F.2d at 694 (regarding judicial notice of proceedings involving a petitioner). According to the electronic Clerk's Docket of that case, Jamison's appeal is still pending. *See* https://courts.ms.gov/appellatecourts/docket/printdocket.php?case_num=92892. Therefore, Jamison has failed to exhaust his state court remedies regarding the 2019 revocation of his probation.[2]

The Court acknowledges that it has the authority to hold a habeas petition in abeyance while a petitioner exhausts his state court remedies. *See Rhines v. Weber*, 544 U.S. 269 (2005). However, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." *Id.* at 277. The Court finds that such "limited circumstances" do not exist in the instant case because Jamison has failed to show "good cause" for his failure to exhaust his claims in state court. *See Reyer v. King*, No. 1:07-cv-657-LG-JMR, 2008 WL 625096 (S.D. Miss. Mar. 5, 2008)(considering *Rhines* and dismissing claims for petitioner's failure to show "good cause"). Accordingly, this matter should not be stayed and held in abeyance while Jamison accomplishes exhaustion.

III.    CONCLUSION

For the reasons set forth in this Report and Recommendation, the Motion to Dismiss [22] should be granted, and the Motion to Grant Petition [24] should be denied. The undersigned

---

[2] Even if the Court were to construe his petition as one brought pursuant to 28 U.S.C. § 2241, as he initially labeled it, this claim would warrant dismissal for failure to exhaust state court remedies. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)(although § 2241 contains no statutory exhaustion requirement, a judicially-crafted requirement of exhaustion of state remedies applies); *see also Jamison*, 2018 WL 6204441, at *1 (discussing the nature of proceedings brought pursuant to § 2254 versus § 2241).

recommends that Jamison's claim regarding his sentence calculation be dismissed with prejudice as successive and that his claim challenging his 2019 revocation be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 13th day of May, 2021.

/s/ F. Keith Ball                                      .
UNITED STATES MAGISTRATE JUDGE